UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TITO E. MARRERO, | CASE NO. 1:13 CV 1991 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| DENNIS P. WILL, Lorain County Prosecutor, et al., | <u>MEMORANDUM OF OPINION AND ORDER</u> |
| Defendants. | |

On September 9, 2013, Plaintiff *pro se* Tito E. Marrero filed this civil rights action against Lorain County Prosecutor Dennis P. Will and the following Defendants: Tony Cillo, Peter Gaunthier, Steve List, Mary Jo Belcher, Mary R. Slanczka, Officer A. J. Mathewson, Officer Tom Nimon, and "the Lorain City Police Department." He asserts Defendants engaged in a conspiracy against him - violating a variety of his substantive and procedural rights in a criminal prosecution - resulting in his conviction for Drug Trafficking, Possession of Drugs, and Possession of Drug Abuse Paraphernalia.[1] Plaintiff seeks injunctive relief and damages. For the reasons stated below, this action is dismissed.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[1] These convictions were a product of Marrero's No Contest Plea in 2010. *See State v. Marrero*, Lorain County Court of Common Pleas Case No. 08CR075288. http://cp.onlinedockets.com/loraincp/case_dockets/search.aspx

678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

A plaintiff may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether the plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Plaintiff seeks to raise claims which, if found to have merit, would call into question the validity of his convictions. As such, he must also allege his convictions were declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so.[2]

In light of the foregoing, the Complaint, even liberally construed, does not contain allegations reasonably suggesting Plaintiff might have a valid claim, *see*, *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), and the Court finds this case is therefore appropriately subject to summary dismissal. *See, Apple v. Glenn*, 183 F.3d 477, 479

---

[2] Plaintiff has a habeas corpus action pending in this Court. *See, Marrero v. Belmont Correctional*, No. 1:13 CV 216.

(6th Cir. 1999)(complaint may be summarily dismissed when claim is not arguably plausible).

Accordingly, this action is dismissed without prejudice.

IT IS SO ORDERED.

s/ Christopher A. Boyko<br>CHRISTOPHER A. BOYKO<br>UNITED STATES DISTRICT JUDGE

DATED: October 16, 2013